SARTAIN, Judge.
This case involves two motions for summary judgments which were sustained by the trial court.
The original plaintiff (Auto-Owners) was the insurer of a 1965 model 25' Bertram pleasure motorboat. They brought this action .seeking to be declared the owner of the boat by virtue of the fact that as its insurer, it had paid Cannon Groves, Inc., the sum of $9,950.00 for the alleged theft of the boat and thereby became sub-rogated to the rights of Cannon Groves, Inc. Incorporated in the petition was a writ of sequestration which was granted.
The original defendant was Kenneth I. Plaisance, a good faith purchaser, who had the physical possession of the boat at the time the petition was filed. Plaintiff later amended its petition to show that Plaisance was the president of Southern Boat Rentals, Inc., and this latter corporation was in fact the proper defendant.
Plaisance and Southern Boat Rentals filed a general denial to the original petition and a third party petition against Frank J. Basile, Jr. and Ponchatrain Boat Company, Inc., alleging that Southern Boat Rentals had purchased the boat from these third party defendants, who warranted the title thereto.
Auto-Owners then filed a motion for summary judgment against Plaisance and Southern Boat Rentals, Inc., which motion was supported by affidavits showing that on December 23, 1966 Stowaway Marinas sold the boat to Cannon Groves, Inc.; an affidavit by Cannon Groves, Inc. affirming that it purchased the boat from Stowaway Marinas, insured it with Auto-Owners, that it was stolen, and never sold the boat to any person before or after its subrogation and transfer to Auto-Owners; an affidavit of William F. Jones, police officer, showing that the boat was reported stolen on or about December 24, 1967; an affidavit by Bertram Manufacturing Company showing that it sold the boat to Cannon Groves, Inc.; an original bill of sale from Stowaway Marinas to Cannon Groves, Inc.; and, the proof of loss and subrogation agreement showing that Auto-Owners paid Cannon Groves for the loss of the boat.
Plaisance and Southern Boat Rentals then filed a motion for summary judgment against their third party defendants, Basile and Ponchatrain Boat Company. They included in their motion the aforementioned *238 affidavits of Auto-Owners together with a hill of sale, with warranty, from Poncha-train Boat Company to Southern Boat Rentals.
The trial judge for oral reasons assigned sustained the motion of summary judgment filed by Auto-Owners, which judgment decreed Auto-Owners to be the owner of the boat and entitled to its possession.
The trial judge also sustained the motion for summary judgment of Plaisance and Southern Boat Rentals, granting them judgment against Ponchatrain Boat Company, Inc., in the sum of $10,500.00, the cost of the boat.
From these two motions Ponchatrain Boat Company, third party defendant, has taken this appeal.
Ponchatrain Boat Company in opposition to the aforementioned motions for summary judgments attached an affidavit of its president, Frank J. Basile, Jr., which stated that prior to June of 1967, Ponchatrain had had a number of business dealings with Thunderbolt Marine Corporation, a Florida manufacturer of Thunderbolt pleasure crafts; that the Bertram Cruiser was purchased by them through the sales manager of Thunderbolt. The affidavit states that Ponchatrain had the boat transported to New Orleans by truck and that Thunderbolt Marine Corporation was paid in full for the boat; and that at the time Thunderbolt forwarded to Ponchatrain, a Florida title certificate showing that the craft was registered in the name of one Joseph Gershon. The affidavits of Mr. Basile does not make clear whether or not the Bertram Cruiser was purchased directly from Thunderbolt Marine Corporation or whether or not Mr. Glen Roblin, the sales manager of Thunderbolt, just acted as an intermediary for Ponchatrain for the purchase of the boat.
Ponchatrain contends that the affidavit of Mr. Frank J. Basile, Jr., raises a dispute of fact in that it creates a conflict in the chain of title advanced by Auto-Owners and adopted by Plaisance and Southern Boat Rentals.
We note that Ponchatrain’s opposition to these motions for summary judgments does not contain any corroborative evidence supporting title to the boat in either Joseph Gershon or Thunderbolt Marine Corporation. It is for this reason we feel that Ponchatrain’s affidavit has failed to raise a dispute of fact sufficient to bar the granting of the motions for summary judgments.
Ponchatrain does not contend that the boat in question is not the same boat purchased by Cannon Groves, Inc., insured by Auto-Owners and subsequently purchased by Southern Boat Rentals. We can see no useful purpose in permitting this matter to proceed to trial simply because of the Florida registration which is wholly unsupported by any affidavits corroborative of a valid chain of title.
Further, Ponchatrain cannot be prejudiced by this action because if the boat was in’ fact purchased through Thnnderbolt Marine, a concern it does regular business with, it has a cause of action against Thunderbolt Marine if the boat was in fact acquired from them with warranty.
The procedure for a motion for summary judgment (C.C.P. Art. 966 et seq.) has for its very purpose the disposition of matters that reflect no genuine issue as to a material fact. Supporting and opposing affidavits play a material role in the ultimate refusal or granting of the motion. We find it significant in this case that the opposing affidavit of Ponchatrain is silent as to whether or not this boat was actually purchased from Thunderbolt Marine Corporation. It is for this primary reason that we concur in the ruling of the trial judge. Considering all of the affidavits, supporting and opposing, the unalterable and unfortunate fact appears certain and that is that Ponchatrain Boat Compa *239 ny in good faith purchased a stolen boat and sold it with warranty of title to Southern Boat Rentals.
Accordingly, the rights of the plaintiff and the original defendant are such that can be properly disposed of via their respective motions for summary judgment.
For the above and foregoing reasons the judgment of the district court is affirmed at the cost of Ponchatrain Boat Company, Inc., appellants.
Affirmed.